IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SEAN ALAN THRIFT                                                                    PLAINTIFF
ADC# 176293

V.                                    Case No. 2:24-CV-00170-BSM-BBM

EBONY BYNUM, Correctional Officer,
Corporal, East Arkansas Regional
Maximum Security Unit, ADC; and
RUCKER, Chaplain, East Arkansas
Regional Maximum Security Unit, ADC                               DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Brian S. Miller. You may file written objections to all or part

of this Recommendation. If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court

within 14 days of the date of this Recommendation. If you do not file objections, Judge

Miller may adopt this Recommendation without independently reviewing all of the

evidence in the record. By not objecting, you may waive the right to appeal questions of

fact.

## I.    INTRODUCTION

On September 6, 2024, Plaintiff Sean Alan Thrift ("Thrift"), a prisoner in the East

Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"), filed

a *pro se* Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights.

(Doc. 2). Before Thrift may proceed with this action, the Court must screen his Complaint in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.   ALLEGATIONS

Thrift claims that he is a "recognized Islamic man," whose religious practice—including his participation in Ramadan—has been acknowledged by all EARU chaplains. (Doc. 2 at 7). Yet, on April 8, 2024, Corporal Ebony Bynum ("Corporal Bynum") denied Thrift a post-sunset meal to break his fast because Thrift did not have a sign outside his cell indicating that he was participating in Ramadan. *Id.* at 5.

Corporal Bynum relied on the signs on the cell door to know who should receive a tray because she did not have a master list of all inmates participating in Ramadan on that day. (Doc. 2 at 5). Thrift told Corporal Bynum he was participating in Ramadan, but Corporal Bynum failed to verify Thrift's religious diet with her supervisor or the prison chaplain. *Id.*

Thrift argues that it was not his fault the sign was not hung outside his cell—as he is locked inside his cell with no way to ensure the placement of the sign. (Doc. 2 at 5). He also argues that Chaplain Rucker is liable because he "neglected his duty" by failing to give Corporal Bynum a list of all the inmates participating in Ramadan. *Id.* Thus, Chaplain Rucker "indirectly deprived [Thrift] of [his] religious meal." *Id.*

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

As a result of the missed meal, which followed a full day of fasting, Thrift suffered hunger pains. (Doc. 2 at 5). He also claims that the missed meal tray came towards the end of a full month of fasting to praise Allah, and Corporal Bynum's actions "boldly interrupted [him] from doing so." *Id.* Thrift alleges that he feels as if he "failed" Allah, which caused Thrift to become depressed. *Id.*

Thrift sues Corporal Bynum and Chaplain Rucker in their official and individual capacities for allegedly violating the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 2 at 2, 4). He seeks injunctive relief and monetary damages. *Id.* at 5.

## III.   DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

In addition to Thrift's RLUIPA and First Amendment claims, the Court liberally construes Thrift's Complaint to allege an Eighth Amendment inadequate-nutrition claim. However, it is recommended that Thrift's Complaint be dismissed without prejudice because it fails to state a claim upon which relief may be granted.

### A.     First Amendment Free Exercise of Religion

Thrift claims that Corporal Bynum violated his First Amendment free-exercise rights by failing to provide him a post-sunset food tray during Ramadan on April 8, 2024, and that Chaplain Rucker "indirectly deprived" him of the tray by not providing Corporal Bynum a list of prisoners participating in Ramadan. (Doc. 2 at 5). In order to state a First Amendment free-exercise claim, Thrift must allege facts showing that prison officials have substantially burdened the free exercise of his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening the free exercise of religion means that the defendants' actions:

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004) (cleaned up) (quoting *Weir v. Nix*, 114 F.3d 817 (8th Cir. 1997)).

Here, Thrift has not alleged facts showing that the failure to provide a post-sunset food tray on one occasion during Ramadan substantially burdened his free exercise of religion. Although Thrift states that his month of religious sacrifice and fasting was "boldly interrupted," he does not explain *how*. Nor does Thrift assert that the missed meal on the

evening of April 8 caused him to otherwise break his fast. *See Holt v. Payne*, 170 F.4th 1154 (8th Cir. 2026) (noting that "[t]he alleged hunger, dizziness, and headaches" from not being provided a large post-sunset meal "did not prevent [plaintiff's] religious exercise as [he] did not break his fast…."). As such, Thrift failed to allege any facts demonstrating that the missed meal tray significantly inhibited or constrained conduct or expression that manifests some central tenet of his religious beliefs, meaningfully curtailed his ability to express adherence to his faith, or denied him a reasonable opportunity to engage in an activity that is fundamental to his religion. *Murphy*, 372 F.3d at 988. Accordingly, Thrift failed to present facts from which the Court could infer that Defendants violated his First Amendment right to freely exercise his religion.

### B.     Religious Land Use and Institutionalized Persons Act ("RLUIPA")

Thrift also claims that Corporal Bynum's and Chaplain Rucker's actions violated RLUIPA. (Doc. 2 at 4). RLUIPA "aim[s] to ensure 'greater protection for religious exercise than is available under the First Amendment.'" *Ramirez v. Collier*, 595 U.S. 411, 424 (2022) (quoting *Holt v. Hobbs*, 574 U.S. 352, 357 (2015)). Even so, in order to state a plausible RLUIPA claim, Thrift must still allege that state officials imposed a "substantial burden on [his] religious exercise." 42 U.S.C. § 2000cc–1(a); *Holt*, 170 F.4th at 1157.

As noted above, Thrift has not alleged sufficient facts to show that Defendants' actions imposed a substantial burden upon the exercise of his religion by denying him one post-sunset meal tray. As such, Thrift has also fails to state a plausible claim for a violation of his rights under RLUIPA.

### C.      Inadequate Nutrition

Thrift alleges that he suffered hunger pains as a result of the missed meal, which the Court liberally construes as an inadequate-nutrition claim. The Eighth Amendment requires prison officials to provide humane conditions of confinement, which include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment conditions-of-confinement claim, Thrift "must demonstrate (1) that the alleged deprivation was objectively, sufficiently serious enough to result in the denial of the minimal civilized measure of life's necessities, and (2) that the prison official whose action or omission caused the deprivation [subjectively] behaved with deliberate indifference to inmate health or safety." *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (cleaned up). Applying this to the nutrition context, Thrift must present evidence showing that "the food he *was* served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food," *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (emphasis added), and (2) Defendants had knowledge of the risk to Thrift's health. *Ingrassia v. Schafer*, 825 F.3d 891, 898 (8th Cir. 2016).

Here, Thrift alleges that he missed a single meal on the evening of April 8, 2024. He makes no allegations regarding the food he *was* served—such as the pre-dawn meals he was presumably served on the mornings of April 8 and April 9. Thus, the Complaint does not allege that Thrift's overall caloric intake was constitutionally deficient. And, despite Thrift's fast on April 8, it is unlikely that a single missed meal could be deemed to deprive an inmate of "the minimal civilized measure of life's necessities." *Hamner*, 937

F.3d at 1178. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (finding denial of one meal did not give rise to a constitutional violation); *Roddy v. Corbitt Nesbitt*, 242 F.3d 376 (8th Cir. 2000) (concluding allegations of three denied meals over the course of a year did not rise to the level of an Eighth Amendment violation); *see also* <u>Berry v. Brady</u>, 192 F.3d 504, 507 (5th Cir. 1999) ("Whether the deprivation of food falls below [the minimal civilized measure of life's necessities] depends on the amount and duration of the deprivation.").

Regardless, Thrift acknowledges that, other than hunger pains, he suffered no physical injury as a result of the missed food tray. (Doc. 2 at 5). There is also no indication that Corporal Bynum was aware that her failure to provide Thrift with a single food tray would pose a risk to Thrift's health. Accordingly, Thrift fails to state a plausible claim for a violation of Eighth Amendment right to adequate nutrition.

### D.   Official-Capacity Claims

Thrift sues Defendants in their official capacities. (Doc. 2 at 2). To maintain such a claim, Thrift must allege facts showing that the purported constitutional violations were the result of an ADC policy, an unofficial custom, or a failure to train. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989); *Hood v. Norris*, 189 F. App'x 580 (8th Cir. 2006). Thrift's Complaint contains no such allegations. Moreover, official-capacity claims fail if there is no underlying constitutional violation. *Jackson v. Buckman*, 756 F.3d 1060, 1067 n.3 (8th Cir. 2014). Because Thrift has not plausibly alleged any underlying constitutional violation, his official-capacity claims necessarily fail.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.  Thrift's Complaint, (Doc. 2), be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.  The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 27th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE